### Jas. S. Digby v. Thos. Mefford.

Insane Persons—Contracts With—Overreaching—Fraud—Rescission—Partnership—Surviving Patrner.

Mefford and Stafford were partners in business. Parker sold to Digby a boat belonging to the partnership, for the price of $300.00. Mefford sued Digby for conversion of the boat alleging that Parker was insane at the time of the sale and that the boat was worth $450.00; which allegations Digby denied. The case was submitted to the court without the intervention of a jury and it was adjudged that Parker was insane at the time of the sale to Digby, and that the boat was worth $450.00. Held, that Mefford had no right to ask, and the court to make, a ned contract with Digby and force him to keep the boat at a price he did not agree to give, as there is nothing in the case which warrants

the conclusion that Digby was guilty of such conduct in the purchase of the boat as to render his purchase absolutely void; that if Parker was incapable of transacting business by reason of his insanity, then Mefford, as the surviving partner, was entitled to a rescission of the contract and no more.

APPEAL FROM CAMPBELL CIRCUIT COURT.

April 10, 1871.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Mefford and Parker, who were partners, were the owners of a wood boat, which, sometime in February, 1869, was sold by Parker to Digby for the agreed price of three hundred dollars, Digby paying Parker at the time of the purchase $126.00 in cash. On the 2d of March, Mefford sued Parker on an account for work and labor done and performed for him and for money advanced for his use at his request, and alleged that he was about to fraudulently to dispose of his property, including the said wood boat owned by them as partners. An order of attachment was taken out and levied on said boat, although the same had been previously sold to Digby. The boat was appraised at the sum of two hundred dollars, and Parker gave bond on the 2d of March, 1869, conditioned that he would have the boat, or its appraised value and subject to the future orders of the court in the action in which it was attached. In May, 1869, Parker was, by a proper judicial proceeding, found to be a lunatic and committed to the asylum at Lexington, where he died in a few months thereafter. In December, 1869, his administrator consented that Mefford's suit should be revived against him, and entered his appearance thereto. On the 25th of February, 1870, Digby filed his petition asking to be made a party to this proceeding, setting up his purchase from Parker and asking that his rights under said purchase be protected. Pending this action in April, 1870, Mefford sued Digby for the conversion of the wood boat, asking judgment against him for its alleged value, $300, and claiming that at the time the same was sold to him by Parker, the latter was insane and hence that the sale was void. Digby answered this action denying the insanity of Parker, paid into court the $174 balance due on his purchase from Parker, and asked that Mefford and Parker's administrators

be required to litigate as to their rights to the same. He also set up the pendency of the suit in which Mefford had previously attached the boat. The action for the conversion of the boat was submitted to the court without the intervention of a jury, and it was adjudged that Parker was insane at the time of the sale to Digby, and that the boat was worth $450, instead of $300, the agreed price, and a judgment was accordingly rendered against Digby for the additional sum of $150. While we agree with the circuit judge that the weight of evidence tends to establish the insanity of Parker at the time of the sale to Digby, yet it seems to us that Mefford does not occupy a position which authorizes him to take advantage of the same. From his petition, filed in March, 1869, a few days after the sale to Digby, it is clear that he either did not regard Parker as insane, or else he was himself seeking to take advantage of his insanity. He took no steps to deprive Parker of the control of the partnership property until after he sold the boat, and then it was not upon the ground of Parker's insanity but that he was about to cheat, hinder and delay him in the collection of his claims against him by a fraudulent disposition of his property, and also of the partnership effects, a very singular charge to make against an insane man, whose very insanity rendered him incapable of committing a fraud. It appears that Parker exhibited no evidence of insanity at the time he sold the boat to Digby, and except in so far as inadequacy of price may imply fraud. There is no evidence that Digby overreached or imposed upon him in the transaction in the slightest degree. We see nothing in the case which warrants us in concluding that Digby was guilty of such conduct in the purchase of the boat as to render his purchase absolutely void and to make his conduct tortious from the beginning. If Parker was incapable of transacting business by reason of his insanity, then Mefford, as the surviving partner, was entitled to a rescission of the contract, which relief the court could have afforded him in the equity action instituted in March, 1869, in which he had attached the boat.

But he had no right to ask and the court no right to make a new contract with Digby, and force him to keep the boat at a price he had not agreed to give. It seems to us the court upon the hearing should of its own motion have transferred the ordinary action to the equity docket and consolidated it with the pending equity suit, or if Mefford objected to this, to have dismissed the same, and

turned him over for relief to his proceeding in equity, in which case the rights of all the parties can be settled and complete justice done to all. For these reasons the judgment must be reversed and the cause remanded for further proceedings consistent herewith.

*Hallam,* for appellant.
*Webster,* for appellees.